UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NANCY BRESLIN,

                      Plaintiff,         <u>MEMORANDUM AND ORDER</u>

   -against-                               CV 11-4927 (LDW) (ARL)

UNITED AIR LINES, INC.,

                      Defendant.
-------------------------------------------------------X
WEXLER, District Judge

      Plaintiff Nancy Breslin ("Breslin") brings this personal injury action against defendant United Air Lines, Inc. ("United") for injuries she allegedly sustained as she exited a passenger van owned, operated, and maintained by United at John F. Kennedy International Airport ("JFK"). United moves for summary judgment under Federal Rule of Civil Procedure 56. Breslin opposes the motion.

      On July 15, 2008, Breslin boarded the van in an employee parking lot at JFK en route to a terminal shared by United and British Airways, her then-employer. Breslin claims that she injured her knees when she jumped from the van to the sidewalk at the terminal drop-off location. It is undisputed that the floor of the van at the exit doors measures approximately 22 inches above the ground and 15 ½ inches above the curb/sidewalk at the terminal drop-off location. On March 31, 2010, Breslin retired from British Airways as part of a voluntary separation program offered to eligible employees. As a condition to accepting the early retirement, Breslin executed a General Release and Confidentiality Agreement (the "Release").

      United maintains that the undisputed facts establish that it satisfied its duty to provide Breslin a safe place and means to exit the van, and that the Release bars Breslin's claim against

United. According to United, the Release extended to British Airways and its "agents" – including United. Breslin maintains that it is a question of fact for a jury to decide whether United breached its duty to her, particularly by using a van that had no exterior running board or step, and that the Release did not, and was not meant to, release United from its negligent use of its van and, in particular, from her negligence claim against United.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether the movant is entitled to judgment as a matter of law, a court must draw all reasonable factual inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Upon consideration, the Court finds that summary judgment is not warranted, as the Court cannot say as a matter of law that United satisfied its duty to provide a safe place and means to exit the van or that the Release bars Breslin's claim against United. Accordingly, United's motion for summary judgment is denied.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      March 7, 2013